IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


THOMAS EDWARD JURKOWICH,
      Petitioner,

vs.                               Case No.:  3:10cv549/RV/EMT

KENNETH S. TUCKER,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss with relevant portions of the state court record (doc. 18).  Petitioner filed a response indicating he wished to abandon Grounds Three, Four, Five, Six, Seven, and Eight of the petition and proceed only on Grounds One and Two (doc. 24).[1]

      The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion

---

[1] Petitioner conceded in his federal petition that he did not raise Grounds Three through Eight in the state court (doc. 1 at 5–8).  Respondent argued the petition was subject to dismissal as a "mixed" petition, including both exhausted and unexhausted claims, because Petitioner may be able to return to state court to present his unexhausted claims in post-conviction motions (doc. 18 at 18).  In light of the availability of a state corrective process as to Grounds Three through Eight, the undersigned issued an order directing Petitioner to notify the court whether he desired to waive Grounds Three through Eight and proceed on Grounds One and Two, or whether he declined to waive Grounds Three through Eight (doc. 22).  The court specifically advised Petitioner that if he chose to waive Grounds Three through Eight, he would be unable to raise those claims in a second federal habeas petition without first obtaining authorization from the Eleventh Circuit Court of Appeals (*id.*).  Petitioner notified the court that he wished to "delete" Grounds Three through Eight and proceed only on Grounds One and Two (doc. 24).

of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal review of his claims.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* doc. 18, exhibits).[2]  Following a jury trial, Petitioner was convicted in the County Court in and for Escambia County, Florida, Case No. 2006-MM-024455, of violating an injunction for protection against domestic violence, a first degree misdemeanor (Ex. at B 1, 64, Ex. C at 161–62).  He was sentenced to twelve (12) months of probation, to run consecutively to any term of imprisonment imposed in any pending felony cases (Ex. B at 65–65A, Ex. C at 164, 181–86).  Petitioner appealed the judgment to the Circuit Court in and for Escambia County ("Circuit Court") (Ex. B at 68).  The Circuit Court reviewed the entire record, including the trial transcript, and affirmed the judgment of conviction and sentence, subject to the trial court entering a corrected judgment reflecting that Petitioner was found guilty following a jury trial, not a nolo contendere plea (Ex. D).  Petitioner sought certiorari review by the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-797 (Ex. B at 77–78, Ex. E).  The First DCA denied the petition per curiam without written opinion on February 22, 2010, with the mandate issuing March 2, 2010 (Exs. G, H).  Jurkowich v. State, 29 So. 3d 1121 (Fla. 1st DCA 2010) (Table).

Petitioner filed the instant federal habeas action on December 23, 2010 (doc. 1).  Respondent concedes the petition is timely (doc. 18 at 9–10).

## II.    EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving

---

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (doc. 18).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

[3] Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
(A)  the applicant has exhausted the remedies available in the courts of the State; or
(B) (i)  there is an absence of available State corrective process; or
(ii)  circumstances exist that render such process ineffective to protect the rights of the

the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  404 U.S. at 277.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982).  In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)).  The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  Anderson, 459 U.S. at 7 (internal quotation marks omitted).  The Court

applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  *Id.*, 459 U.S. at 7 and n.3.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in <u>Duncan v. Henry</u>, 513 U.S. 364.  The <u>Duncan</u> Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."  <u>Duncan</u>, 513 U.S. at 365–66.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).  In <u>Baldwin</u>, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Id.*, 541 U.S. at 32.  This language, while not part of the Court's holding, provides helpful instruction.  With regard to this language, the Eleventh Circuit explained in <u>McNair v. Campbell</u>, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for
> petitioners seeking to establish exhaustion.  However, we agree with the district court
> that this language must be "applied with common sense and in light of the purpose

---

[4] The petitioner in <u>Duncan</u> raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.  513 U.S. at 366.

underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" <u>McNair</u> [v. Campbell], 315 F. Supp. 2d at 1184 (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

The Eleventh Circuit, prior to <u>Duncan</u>, had broadly interpreted the "fair presentation" requirement. After <u>Duncan</u>, however, the Eleventh Circuit has taken a more narrow approach. For example, in <u>Zeigler v. Crosby</u>, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* <u>O'Sullivan</u>, 526 U.S. at 839–40, 848; <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it

---

[5] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." <u>McNair v. Campbell</u>, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

was presented in state court and rejected on the independent and adequate state ground of procedural bar or default.  *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991).  In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303.  In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question.  *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).  The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).  The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner.  Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate.

---

[6] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

*Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause and prejudice or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  Tower, 7 F.3d at 210.  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id.*

Within this framework, the court will determine the exhaustion issue raised in Respondent's motion to dismiss.

III.    ANALYSIS

Ground One:  "Petitioner was entitled to a complete record of appeal in his appellate proceedings."

Ground Two:  "The court errored [sic] when it entered a [sic] opinion during a tolled period of time."

(doc. 1 at 4).[7, 8]  In Ground One, Petitioner claims he was denied a complete record on appeal (*id.*). He states he was declared indigent by the county court, and he requested transcripts of pre-trial proceedings, but the transcripts were not provided (*id.*).  He states he filed two motions to supplement the record, but the Circuit Court dismissed his requests (*id.*).  Petitioner contends he was denied the ability to present claims on appeal (*id.*).  In Ground Two, Petitioner claims the Circuit Court erred by rendering an opinion on appeal prior to expiration of the deadline for his filing an initial brief (*id.*).  He states the deadline for filing his brief was tolled during the period his two motions to supplement the record were pending (*id.*).  Petitioner contends the Circuit Court violated his right to brief issues he wished to raise on appeal (*id.*).  He states he raised Grounds One and Two in his petition for writ of certiorari to the First DCA (*id.* at 9–10).

Respondent contends neither of Petitioner's claims presents a federal issue (doc. 18 at 10–11).  Respondent argues the issues of whether the state court properly decided the appeal without additional records and allegedly prior to expiration of the deadline for Petitioner's filing an appellate brief are state law issues regarding application and interpretation of state appellate rules (*id.*). Respondent additionally argues that even if Petitioner has presented a federal claim in Ground One or Two, he failed to present the federal nature of either claim in his certiorari petition to the First DCA and instead presented both claims as purely state law issues (*id.* at 11–17).  Therefore, any federal claim is unexhausted and procedurally barred from federal review (*id.*).

Under Florida law, a defendant convicted of a misdemeanor may appeal the judgment of conviction and sentence to the state circuit court.  Fla. R. App. P. 9.030(c)(1)(A); Fla. R. App. P. 9.140(b)(1).  If unsatisfied with the circuit court's decision, the defendant may seek certiorari jurisdiction in the appropriate district court of appeal.  *See* Fla. R. App. P. 9.030(b)(2)(B).

In the instant case, the state court record shows that Petitioner presented two issues in his certiorari petition to the First DCA:  (1) the Circuit Court denied his right to a complete record on appeal, in violation of Rule 9.200(f)(2) of the Florida Rules of Appellate Procedure and <u>Berube v.</u>

---

[7] As discussed *supra*, Petitioner abandoned Grounds Three through Eight (doc. 24).  Therefore, the court will address only Grounds One and Two.

[8] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Case 3:10-cv-00549-RV-EMT   Document 27   Filed 12/29/11   Page 9 of 10

Page 9 of 10

State, 771 So. 2d 1263 (Fla. 2d DCA 2000) (Ex. E at 4–6); and (2) the Circuit Court improperly ruled on his appeal when the time for filing an initial brief had not expired, because the time for filing a brief was tolled by his motions to supplement the record, pursuant to Rule 9.300(b) of the Florida Rules of Appellate Procedure (*id.* at 6–7). Petitioner did not indicate a federal law basis for either claim in his state certiorari petition. Further, the only case cited in the discussion of either issue in Petitioner's state petition was a state case that made no mention of the United States Constitution and cited no federal cases.[9] The only other legal authorities cited by Petitioner were Florida rules of appellate procedure. Therefore, even if this court liberally construed Petitioner's federal petition as asserting a federal claim, he did not present it to the Florida courts. Therefore, any federal claim asserted in the instant petition was not exhausted.

The next step in the exhaustion analysis is a determination of whether any future attempt to exhaust state remedies would be futile under Florida's procedural default doctrine. Florida law does not provide for a second direct appeal. Further, Petitioner is procedurally barred from presenting either of his claims in a Rule 3.850 motion, because the Rule expressly provides that relief is not authorized based upon grounds that could have been or should have been raised on direct appeal of the judgment and sentence. *See* Fla. R. Crim. P. 3.850(c). Therefore, any future attempt to exhaust state remedies would be futile.[10]

The remaining issue is whether Petitioner has shown he is entitled to federal review under any of the recognized exceptions to the procedural bar. Petitioner has not shown cause for his failure to present the federal nature of Grounds One and Two to the state courts. Nor has he presented new reliable evidence of his actual innocence of the crime for which he was convicted. Therefore, Petitioner's claims are procedurally barred from federal review.

## IV.   CERTIFICATE OF APPEALABILITY

---

[9] In Berube, the state court held that a defendant who has exercised the right to appeal is entitled to a full appellate record, and where the parties are unable to reconstruct the record of a particular hearing, a new hearing must be held. 771 So. 2d at 1263 (citing Fla. R. App. P. 9.200(f); Hamilton v. State, 573 So. 2d 109 (Fla. 4th DCA 1991); Lipman v. State, 428 So. 2d 733 (Fla. 1st DCA 1983); H.C.T. v. State, 662 So. 2d 1034 (Fla. 1st DCA 1995)).

[10] Respondent argued Petitioner could return to state court to exhaust the claims he admittedly did not exhaust, namely, Grounds Three through Eight (*see* doc. 1 at 5–8; doc. 18 at 16–18). However, as discussed *supra*, Petitioner abandoned his unexhausted claims (*see* doc. 24).

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 18) be **GRANTED** on the ground that Petitioner's claims are procedurally barred from federal review.

2.       That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>29th</u> day of December 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**